**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| v. | ) | **2:24cr429-MHT** |
| | ) | **(WO)** |
| **MARCUS SMITH** | ) | |

**OPINION AND ORDER**

This cause is before the court on the motion to continue trial filed by defendant Marcus Smith. For the reasons set forth below, the court finds that the jury trial, now set for June 23, 2025, should be continued until August 11, 2025, pursuant to 18 U.S.C. § 3161(h)(1)(E) and (h)(7)(A).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an

>offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "delay resulting from any proceeding relating to the transfer of a case ... under the Federal Rules of Criminal Procedure," § 3161(h)(1)(E), and "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," § 3161(h)(7)(A).  In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective

2

preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The government and defense counsel are working together to transfer this case to the Northern District of Illinois, where defendant Smith lives. Smith was released on electronic monitoring and currently lives in Chicago, Illinois. Although his federal charge is relatively straightforward, it has been complicated by a related state charge. Defense and government counsel have attempted to reach a global resolution for both Smith's state and federal charges, but such attempts have been unsuccessful. Smith planned to travel to Montgomery to enter a guilty plea; however, he did not have proper identification to book a flight. When defense counsel proposed taking a bus instead, Smith stated that his supervising probation officer required him to have a chaperone, for whom he did not have the funds.

3

Smith, defense counsel, and the government all agreed to transfer his case to the Northern District of Illinois.  *See* Fed. R. of Crim. P. 20 ("A prosecution may be transferred from the district where the indictment or information is pending ... to the district where the defendant is arrested, held, or present if the defendant states in writing a wish to plead guilty or nolo contendere and to waive trial in the district where the indictment, information, or complaint is pending, consents in writing to the court's disposing of the case in the transferee district, and files the statement in the transferee district; and the United States attorneys in both districts approve the transfer in writing.")

The court concludes, pursuant to 18 U.S.C. § 3161(h)(1)(E), that a continuance is warranted to allow a reasonable time for the case to be transferred to the Northern District of Illinois.  The court

further finds that additional time is "necessary" and "reasonable" for Smith's "effective preparation [of his case], taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv), and that, pursuant to § 3161(h)(7)(A), the ends of justice served by taking such action outweigh the best interest of the public and Smith in a speedy trial.  Finally, the government does not oppose a continuance.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Marcus Smith's unopposed motion to continue trial (Doc. 35) is granted.

(2) The jury selection and trial for defendant Smith, now set for June 23, 2025, are continued to August 11, 2025, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

**The United States Magistrate Judge shall reset the plea deadline.**

**DONE, this the 12th day of June, 2025.**

                               /s/ Myron H. Thompson
                               **UNITED STATES DISTRICT JUDGE**