IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )     CRIMINAL ACTION NO.
    v.                      )         2:24cr429-MHT
                            )             (WO)
MARCUS SMITH                )
```

OPINION AND ORDER

This cause is before the court on a joint motion to continue trial made orally at the status conference held on August 25, 2025. For the reasons set forth below, the court finds that the jury trial, now set for September 8, 2025, should be continued until February 2, 2026, pursuant to 18 U.S.C. § 3161(h)(1)(E) and (h)(7)(A).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a

>  defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "delay resulting from any proceeding relating to the transfer of a case ... under the Federal Rules of Criminal Procedure," § 3161(h)(1)(E), or based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," § 3161(h)(7)(A).  In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the

2

Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

As described in the court's previous orders continuing trial (Doc. 38 and Doc. 42), counsel for the government and for Smith are working together to transfer this case, pursuant to Federal Rule of Criminal Procedure 20, to the Northern District of Illinois, where defendant Smith lives. The parties are waiting on the United States Attorney's Office in the Northern District of Illinois to finalize the transfer. The government's attorney and defense counsel have each reached out to the office in the Northern District of Illinois multiple times and are still awaiting a response.

The parties expect that once the transfer is finalized, the case will be resolved with a plea. The parties therefore request that the trial be continued

until sometime in 2026 to give adequate time for the Northern District of Illinois to respond and finalize the transfer.

The court concludes again, "pursuant to 18 U.S.C. § 3161(h)(1)(E), that a continuance is warranted to allow a reasonable time for the case to be transferred to the Northern District of Illinois; that additional time is 'necessary' and 'reasonable' for Smith's 'effective preparation of his case, taking into account the exercise of due diligence,' § 3161(h)(7)(B)(iv); and that, pursuant to § 3161(h)(7)(A), the ends of justice served by taking such action outweigh the best interest of the public and Smith in a speedy trial." Order (Doc. 42).

***

Accordingly, it is ORDERED as follows:

    (1) The joint motion to continue trial made orally at the August 25, 2025, status conference (Doc. 45) is granted.

    (2) The jury selection and trial for defendant Smith, now set for September 8, 2025, are continued to February 2, 2026, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

    The United States Magistrate Judge shall reset the plea deadline.

    DONE, this the 26th day of August, 2025.

                                /s/ Myron H. Thompson
                              UNITED STATES DISTRICT JUDGE